RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11 1 05
BY Dm

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| BRIAN PASHBY and DONNA PASHBY | CIVIL ACTION NO. 05-1002 |
| VERSUS | JUDGE DONALD E. WALTER |
| GUY N. SAXTON, JOHN L. YEATMAN and ROBERT C. LOMISON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss or in the Alternative, for Summary Judgment [Doc. #7] filed on behalf of defendants, Guy Saxton, John Yeatman and Robert Lomison, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56.[1] Plaintiffs oppose this motion. For the reasons assigned herein, defendants' motion is **GRANTED**, and plaintiffs' claims are **DISMISSED**.

## STATEMENT OF THE CASE

Plaintiff, Brian Pashby ("Pashby"), brings this action against defendants, Guy Saxton ("Saxton"), John Yeatman ("Yeatman") and Robert Lomison ("Lomison"), asserting a claim for breach of his employment contract. Pashby's wife, Donna Pashby, asserts a claim for emotional distress and mental anguish.

Defendants assert that they were not Pashby's employers so Pashby had no contract of employment with the named defendants. Defendants further assert that even if they are the

---

[1] Also before this Court is defendants' Motion to Strike Plaintiff's Affidavit [Doc. #12] wherein defendants assert that Pashby's affidavit offered in support of his opposition to defendants' Motion to Dismiss consists mostly of "conjecture, speculation, opinion and unsupported assertions." Defendants' Motion to Strike [Doc. #12] is **GRANTED** to the extent that the Court considered only competent summary judgment evidence in reaching its decision with regard to defendants' Motion to Dismiss.

employers of plaintiff, the employment contract was not for a specified term so Pashby's employment could be terminated at will. Defendants further assert that Donna Pashby's claim must fail as she cannot show that she meets the requirements for "bystander recovery" under Louisiana law.

Lomison is the President of Forest Park East Associates, Inc., and was an officer and director of that entity at all times pertinent to plaintiffs' claims. Lomison Aff., ¶¶1, 2. Saxton and Yeatman were officers and directors of Forest Park East Associates, Inc. when Pashby was employed by Forest Park East Associates, Inc. Saxton Aff., ¶2; Yeatman Aff., ¶2. Saxton and Yeatman resigned their positions on January 23, 2004. Saxton Aff., ¶2; Yeatman Aff., ¶2.

On September 8, 2002, Lomison sent Pashby a "Memorandum of Understanding" advising Pashby that effective September 23, 2002, he was hired as Sales Director for Forest Park Cemeteries in Shreveport, Louisiana. Lomison Aff., Exh. A-1. The September 8 correspondence further stated that Pashby would be "subject to all the conditions, rules and regulations contained in the Personnel Procedure Manual and Sales Compensation Policy dated September 2001, in addition to those outlined in this Memorandum of Understanding." Id.

Pashby received a letter from Gary Johnson on Letum Care letterhead dated September 21, 2004, wherein Pashby was advised that his Director of Sales position had been eliminated effective September 21, 2004. See Pashby Aff., p. 9. The letter explained that:

> The [Director of Sales] position was created by the partnership to manage the sales program at [Forest Park East/West] with the intention that the person hired would progress as the company grew to an executive position. Unfortunately, with the demise of the partnership and my hiring, the position of Sales Director is no longer required.

Plaintiffs' Exh. 7.

2

Pashby alleges that he agreed to resign from his "lucrative" job in Virginia and take the Sales Director position in Shreveport only after defendants induced him to do so with many job-related promises. According to Pashby, defendants promised Pashby, among other things, a salary of at least $100,000.00 per year, that they would settle Pashby's debt of $30,000, and assistance with obtaining a home loan by making a down payment and cosigning on that loan. Pashby further asserts that defendants promised they would continue to employ Pashby until he retired at the age of 65.

## SUMMARY JUDGMENT STANDARD

As matters outside of the pleadings have been presented and not excluded, the Court will treat defendants' motion as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(b).

Under Fed. R. Civ. P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must "review the facts drawing all references most favorable to the party opposing the motion." Reid v. State Farm Mutual Auto Insurance Co., 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits that it believes demonstrate the absence of a genuine issue of material

fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. Celotex Corp., 477 U.S. at 325; Lawrence, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 584-88, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). In the absence of any proof, the court will not assume the non-moving party could or would prove the necessary facts. Id.

Pursuant to Local Rule 56.1, the moving party shall file a statement of material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

# LAW AND ANALYSIS

## I. Claims Asserted by Brian Pashby.

### A. Breach of Employment Contract.

Defendants assert that Pashby cannot establish a basic element of his breach of employment contract claim – that any defendant was ever Pashby's employer. In particular, defendants assert that at all relevant times Pashby was employed by Forest Park East Associates, Inc. Lomison Aff., ¶3; Saxton Aff., ¶3; Yeatman Aff., ¶3. It is undisputed that Pashby "was paid for his work by checks cut from the account of Forest Park East Associates, Inc." Plaintiffs' Opp., p. 7.

Defendants have provided this Court copies of Pashby's W-2 Forms for 2002, 2003 and 2004 that show Pashby's employer to be Forest Park East Associates, Inc. Lomison Aff., Exhs. C-1, C-2 and C-3. Further, defendants have provided the Court their affidavits wherein each attests that he has never employed Pashby, and that Pashby has never rendered services to, or been paid by, the named defendants. Lomison Aff., ¶4; Saxton, ¶4; Yeatman, ¶4. Plaintiffs have failed to present any evidence that the named defendants were Pashby's employers.

In response to defendants' assertions that they were not Pashby's employers, plaintiffs allege that before Pashby was hired, he was repeatedly assured by defendants that they were not a corporate entity. Plaintiffs further assert that even if Forest Park East Associates, Inc. was Pashby's employer, defendants should still be liable because the corporate entity employer is merely the alter-ego of defendants' "partnership/association." In other words, plaintiffs assert that this Court should "pierce the corporate veil" of Forest Park East Associates, Inc. and find that the named defendants were Pashby's actual employers. This Court finds that plaintiffs have offered insufficient evidence to even raise the question of piercing the corporate veil.

5

Defendants asserted that they were not Pashby's employers, and, although not required, offered evidence to show they were not Pashby's employer. Rather, Pashby was employed by Forest Park East Associates, Inc., a corporate entity. Under <u>Celotex</u>, the burden then shifted to plaintiffs to "go beyond the pleadings and by [their] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" 477 U.S. at 324, 106 S.Ct. 2548. Plaintiffs have failed to make such a showing. Thus, Pashby cannot establish an essential element of his claim for breach of his employment contract. Accordingly, Pashby's breach of contract claim must fail.

**B.    ADEA, FLSA and State Law Discrimination Claims.**

Although not asserted in his Petition, Pashby attempts to raise claims under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, <u>et seq.</u>, the Louisiana Employment Discrimination Law related to age discrimination, La. R.S. 23:311, <u>et seq</u>, and the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, <u>et seq.</u>, in his opposition to defendants' motion. In particular, Pashby states that after his employment was terminated, he was replaced by two men below the age of 40 who were entitled to fewer benefits. Pashby further states that he was discharged in retaliation for complaints to defendants that they were requiring employees to work without pay on "opportunity days."

The case <u>sub judice</u> was removed from the First Judicial District Court, Caddo Parish, State of Louisiana, based on this court's diversity jurisdiction. Federal Rule of Civil Procedure 8 provides for a very liberal pleading standard -- a plaintiff need not plead legal theories. <u>St. Paul Mercury Ins. Co. v. Williamson</u>, 224 F.3d 425, 434-35 (5th Cir. 2000). The complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). "The function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies." St. Paul Mercury Ins. Co., 224 F.3d at 434.

Based on a review of the Petition, this Court finds that plaintiff has failed to even meet the liberal pleading standard. There is absolutely no reference in the Petition to any facts that would put defendants on notice that plaintiffs were asserting, or intended to assert, ADEA, FLSA or state law discrimination claims. Accordingly, this Court need not address those claims as they are not properly before this Court.

II.  **Intentional Infliction of Emotional Distress Claim of Donna Pashby.**

Even if plaintiffs could survive summary judgment on the issue of whether defendants were Pashby's employers, Donna Pashby's claim for intentional infliction of emotional distress would not.

Under Louisiana Civil Code article 2315.6, the spouse of an injured person may recover damages for mental anguish or emotional distress that she suffers as a result of the other person's injury **only if** the spouse "view[s] an event causing injury to another person," or "come[s] upon the scene of the event soon thereafter." Quoting the Louisiana Supreme Court, the Fifth Circuit has stated that: "The requirements of Article 2315.6, when read together, suggest a need for temporal proximity between the tortious event, the victim's observable harm, and the plaintiff's mental distress arising from an awareness of the harm caused by the event." Kipps v. Caillier, 197 F.3d 765, 775 (5th Cir. 1999), quoting Trahan v. McManus, 728 So.2d 1273, 1279 (La. 1999).

In Kipps, the Court held that a spouse and a child could not recover emotional distress damages when neither actually witnessed the husband's termination, the event that caused the injury. Rather, the claimants were "merely notified" or "informed" of the termination after it occurred. Id. The Kipps Court determined that the claimants did not fit within the "bystander recovery"

framework, or the case law interpreting it. Id.

This Court finds that Donna Pashby, like the spouse in Kipps, supra, does not fit within the "bystander recovery" framework as there is no evidence that she actually witnessed Pashby's termination. The only evidence before this Court is that Donna Pashby was "merely notified" or "informed" of Pashby's termination after the fact. Accordingly, Donna Pashby's claim must also be dismissed.

## CONCLUSION

For the reasons stated above, plaintiffs have failed to meet their burden of proof on summary judgment. Accordingly, their claims are **DISMISSED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE